# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAREM KURBEGOVICH,<br><br>    Petitioner,<br><br>  v.<br><br>UNKNOWN POLITICIANS,<br><br>    Respondents. | Case No. 1:14-cv-01202-LJO-SKO-HC<br><br>ORDER RE: FINDINGS AND RECOMMENDATIONS (DOC. 9)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On December 10, 2014, the Magistrate Judge filed findings and recommendations to dismiss the petition for writ of habeas corpus, decline to construe the habeas petition as a civil rights complaint, decline to issue a certificate of appealability, and direct the Clerk to close the case. The findings and recommendations were served on all parties on the same date. The findings and recommendations advised the parties that objections could be filed

1

within thirty days and replies within fourteen days after the filing of objections. On December 22, 2014, Petitioner filed objections. Because Petitioner is the only party who has appeared in the action, no reply to the objections will be filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. The undersigned has carefully reviewed the entire file and has considered the objections.

In the objections, Petitioner asserts that his conditions claims concerning mail delivery will affect the duration of his confinement. Petitioner argues in essence that it was statistically likely that he would have received responses from academicians he had written regarding his ability to contribute to society; because he received no responses, it is less likely that he will be released on parole because it reduces any showing of his potential value to society on release. Petitioner thus argues that his claims concerning mail delivery affect the duration of his confinement. The Court concludes that any effect of this sort on the duration of Petitioner's confinement is entirely speculative; thus, his claims may be distinguished from those that would entitle a petitioner to habeas relief. Cf. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989); Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004). Thus, the undersigned has determined there is no need to modify the findings and recommendations based on the points raised in the objections. The Court finds that the report and recommendations are supported by the record and proper analysis.

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without

leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254; and

    2) The Court DECLINES to construe the habeas petition as a civil rights complaint; and

    3) The Court DECLINES to issue a certificate of appealability; and  4) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated: **December 23, 2014**    /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE